The opinion of the Court was delivered by
Todd, J.
This ease presents a contest over the proceeds of the sale of certain immovable property described in the pleadings.
The property was sold at sheriff’s sale on the 36th of April, 1883, under executory proceedings instituted by tlie plaintiffs against James M. Thompson, as the'third possessor thereof, to satisfy a judgment in their favor against Francois Lemelle, signed on tlie 12th of July, 1870, and recorded on the 30th of same month, in which judgment an alleged legal mortgage on the property, sold for $3,000, and interest, was recognized.
Before the sale in question was made, third oppositions were tafeen out by George Willard and wife, and J. I. Beauchamp, testamentary executor, mortgage creditors of Thompson, who claimed to be entitled to the funds in preference to plaintiffs, the seizing creditors, whose mortgage against tlie property, it was alleged, if it ever existed, had not been reinscribed within ten years from the first inscription.
From a judgment in favor of tlie third opponents, giving them the proceeds in question, the plaintiffs have appealed.
They advance three reasons why tlie judgment appealed from should be reversed:
1. Because Thompson was not the owner of the property sold, and his creditors could, therefore, have no mortgage thereon.
*1043 2. That tlie peremption of plaintiffs’ mortgage, and prescription of their judgment, had not been pleaded; and,
3. That their mortgage, being a legal mortgage, originally of minors against their tutor, recognized by a judgment, and its amount fixed therein, and seasonably recorded, no reinscription was necessary for the preservation of the mortgage. ' ■
First. In the petition of the plaintiffs for the order of seizure and sale, under which the property was sold, it was alleged that Thompson had purchased the property on the 25th of June, 1878, under an act duly witnessed and authenticated. Thompson being sued as third possessor, such an allegation was certainly a distinct and positive recognition of his title to the property.
Second. The vital question in this case is not one of prescription,, but of peremption. It is not whether the judgment of plaintiffs has prescribed, but whether their mortgage ceased to have effect, or at least had lost its precedence over those of the third opponents, for want of reinscription within ten years. As will be seen from our statement of the pleadings, it was substantially charged that plaintiffs’ mortgage had perempted, or ceased to have effect, for want of reinscription within the prescribed time. This was certainly sufficient. •
Third. The most serious question presented is, whether the plaintiffs’ legal mortgage against their tutor having been once inscribed, a reinscription was necessary to preserve its effect; or, in other words, whether it was subject to the general requirement relating to the' inscription and reinscriptiou of mortgages.
Art. 3369 of the Civil Code declares :
“ The registry preserves the evidence of mortgages and privileges during ten years, reckoning from the day of its date; its effect ceases, even against the contracting parties, if the inscriptions have not been renewed before the expiration of this time, in the manner in which they were first made.
“ But this rule does not obtain with regard to the mortgages to which husbands are subjected for the.dowry and other claims of wives, and tutors and curators towards minors, interdicted and absent persons, whose estates they administer.”
It is claimed by plaintiffs, that the last paragraph of this Article dispenses with the necessity of a reinscription of their mortgage; that they come within the exception therein declared.
To our minds, it seems clear that the dispensation provided in that paragraph was out of consideration for the incapacities of the persons mentioned therein — married women and minors — and was only operative whilst those incapacities continued. There was a good reason why those 'thus incapacitated should not be subjected to the rigorous' rule *1044 requiring the reinscription of their mortgages, when they were subject to the authority of those who had a direct interest to prevent a compliance with such requirement. The very words of the clause “ towards minors,” “ whose estate they administer,” place its meaning beyond doubt. It is equivalent to saying that such reinscription is not necessary, whilst the estate of the minor is under the administration of the tutor, or in ether words, during the existence of the tutorship.
In this case, the tutorship had ceased long before the time required for the reinscription of the mortgage.
We have been referred to the case of Morrison vs. Citizens’ Bank, 27 An. 401, as announcing a different doctrine.
We do not so construe that decision. The question there decided was, whether a judgment fixing the liability of a tutor to a minor, and recognizing his legal mortgage, obtained and recorded in 1808, was sufficient to preserve the minor’s mortgage, in view of the constitutional requirement and the laws under it, relating to the registry of such claims; and it was held that it was sufficient. This decision of the Supreme Court, so adjudicating, was rendered within less than ten years from the recordation of this judgment and, therefore, could not have related to the question of its reinscription.
■ The plaintiffs’ mortgage, under which the property in this case was sold, had not been reinscribed prior to the sale, and had, therefore, ceased to have effect under the express provisions of the Code cited. The existence of the mortgages of the third opponents against Thompson are not disputed, the only question being that they did not operate on the property. We think they did, and took precedence over the claim of the plaintiffs.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from he affirmed with costs.